IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SEKOU T. RUDOLPH, #220674,         :
    Plaintiff,                             :

vs.                                :   CIVIL ACTION 12-0263-WS-M

PAMELA BARBER, *et al.*,           :
    Defendants.                            :

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, commenced this action by filing a Complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court on Plaintiff's Motion to Amend ("Motion").  (Doc. 33). After review of the Motion, it is recommended that the Motion be denied for the reasons set forth herein.

I.  <u>Legal Standards</u>.

"A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long v. Satz,* 181 F.3d 1275, 1279 (11th Cir. 1999).  The substance of the proposed amendment must be before a court to avoid granting an amendment that would be subject to dismissal, which would be an exercise in futility. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d

1

222 (1962) (holding that a court must consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment'" in ruling on an amendment). Requiring the movant to produce the substance of the amendment or the amendment itself is even more warranted in an *in forma pauperis* action where a court is under a duty to screen claims under 28 U.S.C. § 1915(e)(2)(B) and to dismiss claims that are frivolous, fail to state a claim upon which relief can be granted, and seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the Motion to Amend under 28 U.S.C. § 1915(e)(2)(B).[1]  A claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); 28 U.S.C. § 1915(e)(2)(B)(i). And a claim may be

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Id.* at 1348-49.

dismissed for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); 28 U.S.C. § 1915(e)(2)(B)(ii).

In order to state a claim upon which relief can be granted, there must be "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (second brackets in original).

Plausibility requires more than the possibility that the defendant engaged in unlawful conduct. *Iqbal,* 556 U.S. at 1949, 129 S.Ct. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679, 129 S.Ct. at 1950

(quoting Fed.R.Civ.P. 8(a)(2)(requiring that the statement of the claim show that the pleader is entitled to relief)).

Even though the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), it is not allowed to serve as *de facto* counsel for a *pro se* litigant or to rewrite otherwise deficient pleadings in order to sustain an action.  *GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 556 U.S. 662 (2009). Furthermore, a plaintiff's *pro se* status does not excuse compliance with the Federal Rules of Civil Procedure or the Local Rules of this District Court.  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure).

II.  Proceedings.

Plaintiff's Complaint (Doc. 1) contains claims against medical providers for failure to treat him for fifty-six days for the injuries sustained from the assault on April 5, 2012. Defendants to the Complaint, Dr. Pamela Barber, Debra Poindexter, Donny Myers, Renee Nettles, and Correctional Medical Services, Inc., have already filed their Special Report and

4

Answer, which have been converted to a summary judgment motion. (Docs. 17-19).  The summary judgment motion was taken under submission on September 5, 2012, pursuant to an Order entered on July 31, 2012. (Doc. 19).

Then, on September 26, 2012, the Court received Plaintiff's Motion that is before the Court. (Doc. 33).2  In the thirty-four-page Amendment attached to the Motion, Plaintiff focuses on the assault that led to the injuries that were treated by medical personnel.  However, in the Amendment, no one is

---

2 The present Amendment (Doc. 33) is the result of prior motions before the Court.  Plaintiff first filed a bald Motion for Leave to File an Amended Complaint (Doc. 21) on August 15, 2012, shortly after the medical Defendants' Special Report and Answer was converted to a summary judgment motion on July 31, 2012.  (Doc. 19).  Because this motion was deficient, Plaintiff was given the opportunity to supplement his motion by August 29, 2012, with the name and position of the new Defendant, what the new Defendant did, and with a statement of other additional information, as Plaintiff sought only to add "a new party" and "additional information."  (Docs. 21, 23).

Then, Plaintiff filed a Motion for a Twenty-One Day Enlargement of Time to File a "Motion to Amend," which was granted and required Plaintiff to supplement his Motion to Amend by September 19, 2012.  (Docs. 27, 28).  When the Court did not timely receive Plaintiff's Supplement, it denied Plaintiff's Motion on September 20, 2012.  (Doc. 33).  On September 26, 2012, the Court received the Motion to Amend Complaint (Doc. 33), and on October 12, 2012, Plaintiff's Motion for Reconsideration for the denial of motion to amend was received. (Doc. 37).

Meanwhile, Plaintiff was granted an extension of time to file his response to the summary judgment motion by October 31, 2012.  (Docs. 34, 35).

5

identified as being a defendant.  The Amendment consists of a lengthy, non-paragraphical narrative of the events leading to the assault, of the assault and aftermath, and of the immediate medical treatment Plaintiff received that day.  Individuals are mentioned by name throughout the Amendment, but no reference is made that an individual is a defendant.  Moreover, some of the actions described as being taken by an individual are not of the magnitude necessary to state a violation of the Constitution and, in some instances, an individual appears just to be have been doing his or her job.  Thus, the Court cannot discern who is intended to be a defendant.  (The Court notes that the claims in the Complaint and Amendment appear not to overlap, and Dr. Barber's name is the only name mentioned in both.)

III.  Analysis.

Furthermore, in order to state a claim in federal court, a plaintiff is required to plead a short and plain statement. Rule 8(a) of the Federal Rule of Civil Procedure requires the complaint be "'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests."  *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint

"should be short because '[u]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant materials from a mass of verbiage[,]'" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)(*quoting* 5C Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969),"with the expenditure of much time and effort." *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 n.103 (11th Cir.), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.,* 657 F.3d 1146, (11th Cir. 2011).

As pled, Plaintiff's Amendment is not short, nor is it plain. *See Salahuddin*, 861 F.2d at 42 (finding a fifteen, single-spaced typed complaint was not a short and plain statement). Plaintiff's manner of pleading his claims would cause the Court and a defendant to ferret out from the entirety of the allegations a claim against that specific defendant, with hopes that all of the allegations have been gathered. Moreover, not knowing which person mentioned is a defendant creates unwarranted confusion, preventing the amendment from being a plain statement. Thus, the Court cannot say that the Amendment is a short and plain statement, nor does it provide fair notice of the claims and the facts supporting each claim. Whereas, the Court's § 1983 complaint form provides a structure for pleading

an amendment that would be a short and plain statement and that would give fair notice of the each claim to each defendant and the facts supporting a claim.  *See GJR Investments, Inc.*, 132 F.3d at 1368 (holding the courts cannot rewrite a deficient complaint).

IV.  Conclusion.

Based upon the foregoing reasons, the Court concludes that the Amendment fails to state a claim upon which relief can be granted and would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).  Inasmuch as the Amendment would be futile, the Motion is due to be denied.  *Halliburton & Assoc. v. Henderson, Few & Co.,* 774 F.2d 441, 444 (11th Cir. 1985) (holding that leave to amend should be denied when an amendment is subject dismissal because its allowance would be an exercise in futility).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

    A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   *Transcript (applicable where proceedings tape recorded)*.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 31st day of October, 2012.

                                   s/ BERT W. MILLING, JR.
                                   UNITED STATES MAGISTRATE JUDGE

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).