```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION


SEKOU T. RUDOPLH,
AIS#220674
                                    :
       Plaintiff,                   :
                                    :
vs.                                 :   CIVIL ACTION 12-263-WS-M
                                    :
PAMELA BARBER, et al.,              :
                                    :
       Defendants.                  :
```

REPORT AND RECOMMENDATION

Pending before the Court are Plaintiff's Objection, Motion to Stay and Interlocutory Appeal to the Eleventh Circuit Court of Appeals Atlanta Georgia, construed as Notice of Appeal (Doc. 61) and Plaintiff's Declaration in Support of Request to Proceed In Forma Pauperis (Doc. 68), which have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3).  For the reasons set forth below, it is recommended that the Request to Proceed In Forma Pauperis be denied because the appeal is frivolous, without arguable merit and not taken in good faith.

On March 28, 2013, Plaintiff Sekou T. Rudolph, an Alabama prison inmate proceeding *pro se* in this 42 U.S.C. § 1983 action, filed his Notice of Appeal (Doc. 61) of the District Judge's Judgment and Order adopting the Report and Recommendation, both dated March 14, 2013 (Docs. 58 and

59), dismissing Plaintiff's claims of delay and denial of medical care for failure to establish a constitutional violation.

Notwithstanding a finding of economic eligibility, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia,* 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous. *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.,* 15 F.Supp.2d 1285, 1289 (M.D. Fla. 1998)(appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd,* 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F.Supp. 445 (D.C. 1955)("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.,* 113 F.Supp. 281 (D.C. N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto,* 114 F.Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of the opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier V.*

2

*Preslicka,* 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001) (same).

    This Court, in its Order adopting the thorough Report and Recommendation, after a de novo determinations of those portions of the Recommendation to which objection was made, found that Plaintiff had failed to come forth with sufficient evidence to establish a constitutional violation against Defendants with regard to any of his claims, namely, delay and denial of medical care.  Furthermore, Plaintiff has not claimed or pointed out in what way the Order is in error other than to claim that the Magistrate Judge had no authority to enter the Report and Recommendation because the parties had not filed consent and therefore the District Judge had no authority to adopt the Report and Recommendation and enter Judgment (Doc. 61). However, this § 1983 prisoner action had been referred to the Magistrate Judge to submit to a judge of the court, in this case, Chief Judge Steele, proposed findings of fact and recommendations for the disposition by Chief Judge Steele of the pending summary judgment motion pursuant to

28 U.S.C. § 636(b)(1)(B)[1] and Local Rule 72.2(C)(4)[2]. No consent of the parties is required for the consent provisions of 28 U.S.C § 636(c) do not apply.  Therefore, the Court finds that the appeal is frivolous, without arguable merit and not taken in good faith and that the Request to Appeal In forma Pauperis is due to be denied.

Notwithstanding Plaintiff's indigent status or the denial of permission to proceed *in forma pauperis*, because Plaintiff is a prisoner, 28 U.S.C. § 1915 (as amended by the Prison Litigation Reform Act) requires payment of the

---

[1] Section 636(b)(1)(B) provides in pertinent part:
> a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1)(B) (2009)(footnote omitted).

[2] Local Rule 72.2(C)(4) provides in pertinent part:
> All prisoner actions filed pursuant to 42 U.S.C. § 1983 attacking conditions of confinement filed pursuant to 28 U.S.C. § 2254 (except death cases), shall be automatically referred for hearing and the submission of a recommendation as to the appropriate disposition as authorized by 28 U.S.C. § 636(b)(1)(B) and 28 U.S.C. foll. § 2254, Rule 8(b)(1).  Also, motions attacking sentences imposed by the magistrate judges, filed pursuant to 28 U.S.C. § 2255, shall be automatically referred.

S.D. Ala. R. 72.2(C)(4).

full amount of the filing fee.  After a review of Plaintiff's prisoner account statement for the most recent twelve-month period (Doc. 68), the Court **DIRECTS** the Commissioner of the Alabama Department of Corrections or his designee to withdraw twenty percent of the preceding month's income credited to the prisoner's inmate account and to remit that amount to the District Court Clerk each time the amount in the account exceeds $10.00 until the total filing fee of $455.00 has been paid in full.  These payments shall clearly identify Plaintiff's name and the case number assigned to this action, and shall be paid by check made payable to "Clerk, U. S. District Court."  **Once adopted**, the Clerk is **DIRECTED** to send the Commissioner of the Alabama Department of Corrections and the business manager of the institution where Plaintiff is incarcerated a copy of this Report and Recommendation and the District Judge's Order adopting it.

In conclusion, it is recommended that Plaintiff's Request to Proceed In Forma Pauperis be denied and that the District Judge certify in writing that Plaintiff's appeal is frivolous, without arguable merit and not taken in good faith.  Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), Plaintiff does not have the opportunity to file an objection.  *Minetti v. Port of*

*Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court.").  The Clerk is therefore **DIRECTED** to refer this Report and Recommendation to the District Judge without the necessity of a waiting period.

DONE this 31st day of May, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
